```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DAVID DOWNEY,                    :    CIVIL ACTION
                                 :    NO. 11-4507
    Petitioner,              :
                                 :
  v.                             :
                                 :
WAYNE GAVIN, et al.,             :
                                 :
    Respondents.             :

## **O R D E R**

**AND NOW**, this **27th** day of **January, 2012**, upon consideration of the Report and Recommendation of U.S. Magistrate Judge Hart and Petitioner's objections thereto, it is hereby **ORDERED** as follows:

(1) The Report and Recommendation (ECF No. 8) is **APPROVED** and **ADOPTED**;

(2) Petitioner's Objections to the Report and Recommendation (ECF No. 9) are **OVERRULED**;[1]

---

[1] On June 14, 2006, David Downey ("Petitioner") was convicted by a jury of third-degree homicide (drug delivery resulting in death), abuse of a corpse, patronizing a prostitute, and various drug charges in connection with the death of a teenaged girl at his house. Report & Recommendation 1, ECF No. 8 [hereinafter "R. & R."]. Petitioner received an aggregate sentence of eight and a half to sixteen years of imprisonment. Id. Petitioner is currently incarcerated at the State Correctional Institution in Waymart, Pennsylvania. Id.

On August 31, 2007, the Pennsylvania Superior Court affirmed Petitioner's conviction. Id. And on March 11, 2008, the

Pennsylvania Supreme Court denied Petitioner's allowance of an appeal. Id.

On February 4, 2009, Petitioner filed a pro se petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA petition"). Id. at 2. The PCRA court appointed counsel, who filed an amended PCRA petition. Id. The court, nevertheless, dismissed the petition as meritless on April 6, 2010. Id.

Petitioner directed counsel to file a motion for reconsideration and an appeal of the dismissal in the Pennsylvania Superior Court. Id. On April 13, 2010, Petitioner's counsel filed the motion for reconsideration, which the court denied on April 21, 2010. Id. Petitioner's counsel did not file an appeal of the dismissal as directed. Petitioner contends that his counsel apparently mistakenly believed that the motion for reconsideration tolled the period for filing an appeal. Objections 2, ECF No. 9.

On May 14, 2010, Petitioner appealed the denial of his PCRA petition and the denial of the motion for reconsideration. R. & R. 2. On September 9, 2010, the Pennsylvania Superior Court, however, quashed the appeal as untimely. Id. Thus, the court's decision on this first PCRA petition became final on May 5, 2010. See Pa. R. App. P. 903(a).

On July 15, 2010, Petitioner filed a petition for reinstatement of appellate rights nunc pro tunc. R. & R. 2. The court denied the petition because the untimely appeal of the denial of his PCRA petition was still pending. Id.

On October 1, 2010, Petitioner filed a second PCRA petition seeking reinstatement of his appellate rights nunc pro tunc. Id. The PCRA court granted the petition, and, on October 20, 2010, Petitioner appealed to the Pennsylvania Superior Court. Id. Counsel for the Commonwealth did not oppose reinstatement of Petitioner's appellate rights and did not make any argument that the court lacked jurisdiction to hear the appeal. Objections 3.

On June 13, 2011, the Pennsylvania Superior Court quashed the appeal for lack of jurisdiction. R. & R. 3. The court determined that the PCRA court lacked jurisdiction to

consider Petitioner's second PCRA petition, notwithstanding the allegations of ineffective assistance of counsel. Id. Thus, Petitioner's reinstatement of appellate rights was ineffective, and the court lacked jurisdiction to entertain the appeal. Id.

On July 15, 2011, Petitioner filed a counseled Petition for a Writ of Habeas Corpus. Petition for Writ of Habeas Corpus 1, ECF No. 1 [hereinafter "Habeas Petition"]. Petitioner raises three grounds of alleged violations of his due process rights. Id. at 7. The Court referred the matter to Magistrate Judge Hart for a report and recommendation. Order, July 27, 2011, ECF No. 2.

On September 21, 2011, Magistrate Judge Hart issued a report and recommendation determining that the Habeas Petition is time-barred and that Petitioner is not entitled to equitable tolling. R. & R. 7. Petitioner agrees that he untimely filed the Habeas Petition but objects that he is entitled to equitable tolling. Objections 1-8.

In his Objections, Petitioner raises two arguments: (1) that his PCRA counsel's failure to file a timely appeal of the denial of the first PCRA petition constitutes an extraordinary circumstance; and (2) that "judicial approval" of and the Commonwealth's lack of objection to Petitioner's nunc pro tunc appeal "misled" Petitioner. Both of Petitioner's arguments lack merit.

First, Petitioner's PCRA counsel's failure to file a timely appeal of the denial of his first PCRA petition alone is not a sufficient basis for equitable tolling. Attorney negligence, such as failing to file a timely appeal, is not an extraordinary circumstance. See Lawrence v. Florida, 549 U.S. 327, 336 (2007) (holding that attorney miscalculation of limitations period is not extraordinary circumstance for equitable tolling); Holland, 130 S. Ct. at 2563-64. In Holland, the U.S. Supreme Court considered whether AEDPA's limitations period was equitably tolled when a prisoner's attorney failed to file a timely habeas petition. The Court noted that a "garden variety claim of excusable neglect" does not rise to the level of an extraordinary circumstance for equitable tolling. 130 S. Ct. at 2564. Nevertheless, the Court reversed the court below

and remanded for further consideration of whether the record facts amount to equitable tolling:

> Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

Id.

In a concurring opinion, Justice Alito explained that attorney negligence generally does not provide a basis for equitable tolling because negligent misconduct is constructively attributable to the prisoner. Id. at 2568 (Alito, J., concurring). However, when an attorney abandons his client, as the facts in Holland indicated, "a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." Id.

The Court recently approved Justice Alito's concurrence in Holland. See Maples v. Thomas, 565 U.S. __ (2012). In Maples, the Court considered whether a state prisoner showed cause to excuse the procedural default in state court of his habeas claims. The prisoner was represented by two New York attorneys serving pro bono and associated at a large New York-based law firm. While the prisoner's post-conviction petition was pending in state court, the attorneys left their law firm without informing the prisoner of their departure and inability to serve as his counsel. The state court denied the prisoner's petition and, with no acting attorney of record, his time to appeal expired, which thereby procedurally defaulted the claims raised in his subsequent habeas petition. The Court relied on Justice Alito's distinction in Holland "between a claim of attorney error, however egregious, and a claim that an attorney

4

had essentially abandoned his client." Maples, 565 U.S. at __ (slip op. 14). The Court declared that "under agency principles, a client cannot be charged with the acts or omissions of any attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." Id. Ultimately, the Court found that the prisoner's attorneys abandoned him such that they were no longer acting as his agents, which constituted sufficient cause to excuse the procedural default of his claims. Id. (slip op. 19-22).

     Here, Petitioner complains that his PCRA counsel missed a filing deadline for a state appeal. Petitioner has not shown his PCRA counsel's neglect was in the face of Petitioner's routine requests for information and letters regarding the applicable habeas filing deadlines or that counsel failed to communicate with Petitioner for any extended period. And his counsel's mistaken calculation of the filing deadline in state court does not indicate that his counsel abandoned him such that counsel was no longer acting as his agent. Therefore, Petitioner's PCRA counsel committed excusable neglect that does not constitute an extraordinary circumstance for equitable tolling.

     Second, Petitioner was not misled by the Pennsylvania courts or the Commonwealth's attorney. Petitioner argues that he was subject to an extraordinary circumstance because the PCRA court granted a nunc pro tunc appeal and the Commonwealth's counsel did not object to the court's jurisdiction, which "in effect put a judicial imprimatur on the continued procedural validity of the state court proceeding." Objections 6. The Pennsylvania Superior Court quashed the appeal, however, because the PCRA court lacked jurisdiction.

     The Court is not aware of any Third Circuit precedential decision on this issue, although other circuits have determined that a significant state-created delay in notifying a prisoner of state court action may amount to an extraordinary circumstance. See, e.g., Earl v. Fabian, 556 F.3d 717, 723-24 (8th Cir. 2009). In Cooper v. Price, 82 F. App'x 258 (3d Cir. 2003) (not precedential), a state prisoner sought equitable tolling after a legal intern for the Administrative Office of Pennsylvania Courts erroneously informed the prisoner

(3) The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**;

---

that his state petition was still pending when the state court actually denied the petition over one year earlier. The Third Circuit affirmed the district court's denial of equitable tolling on this ground, in part, because the prisoner waited another eight months after receiving notice to file his habeas petition. Cooper, 82 F. App'x at 260-62. Here, Petitioner was not subject to state-created delay, such as when the court fails to timely notify a prisoner that his appeal was denied. The Pennsylvania courts and the Commonwealth's counsel did nothing to affirmatively "mislead" Petitioner into believing that the PCRA court had jurisdiction to reinstate his appellate rights.

Therefore, the Court will overrule Petitioner's objections to the Report and Recommendation because Petitioner was not subject to an extraordinary circumstance. In light of this conclusion, the Court does not reach whether Petitioner exercised reasonable diligence.

  (4) A Certificate of Appealability shall not issue.[2]

  **AND IT IS SO ORDERED.**

      <u>s/Eduardo C. Robreno</u>
      **EDUARDO C. ROBRENO, J.**

---

[2] Upon entering a final order adverse to Petitioner, the Court must issue or deny a Certificate of Appealability ("COA"). <u>See</u> R. Governing § 2254 Cases 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The U.S. Supreme Court has provided the following guidance for the issue at hand:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, Petitioner's Petition is subject to a plain procedural bar and the Court is correct to dispose of the case as untimely. There is no legal or factual issue that could be resolved by further review. Therefore, the Court will deny a COA.